## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE HARRISON, III, #411964** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4322** |
| **JERRY GOODWIN, WARDEN** | **SECTION "H" (1)** |

### RESPONSE TO PETITION FOR HABEAS CORPUS RELIEF

Petitioner Eddie Harrison is a Louisiana State prisoner currently serving a 100-year sentence in the Louisiana Department of Corrections after having been convicted by a jury of the attempted first-degree murder of New Orleans police officer Andres Gonzales. Petitioner contends that his continued incarceration is in violation of his Constitutional rights. While Petitioner is in custody for purposes of the instant federal *habeas corpus* petition, the claims raised therein are should be dismissed and / or denied with prejudice.

Petitioner has filed a Motion for Stay and Abeyance. This Court ordered that if the State opposes the motion, it shall include in its answer the basis for its opposition. The State opposes the motion. Petitioner admits that he filed this petition on October 21, 2022. At the time he filed this petition, he had already filed (or mailed for filing) a second and successive state court application for post conviction relief based upon actual innocence. Petitioner had full control over the timing of his filings. Petitioner's most recent filings are not based on "new evidence". Petitioner's instant habeas petition is untimely. Any additions to the untimely petition would also be untimely. The motion to stay and abey should be denied.

### RECORD[1]

Presented contemporaneously with this response is the assembled State Court Record, in

---

[1] The record from Orleans Parish Criminal District Court was not provided to undersigned counsel. Nevertheless, the record presented to this Court is sufficient to address the issues in this matter.

5 volumes. Volumes 1-3 consists of the record of Petitioner's direct appeal of his conviction and sentence to the Louisiana Fourth Circuit Court of Appeal. Volume 4 includes all documents related to Petitioner's applications for writs to the Louisiana Fourth Circuit Court of Appeal. Volume 5 includes all documents related to Petitioner's applications for writs to the Louisiana Supreme Court.

## PROCEDURAL HISTORY

On June 20, 2006, Petitioner was indicted for the May 22, 2006, attempted first-degree murder of New Orleans police officer Andres Gonzales. Petitioner was represented by Donald Donnelly at trial, which began on March 10, 2008, and ended on March 13, 2008, with a unanimous guilty verdict. On March 19, 2008, the court sentenced Petitioner as a multiple offender to one-hundred (100) years hard labor at the Department of Corrections.

Petitioner's conviction and sentence were affirmed on appeal by the Louisiana Fourth Circuit Court of Appeal on June 25, 2009. Petitioner timely filed for review at the Louisiana Supreme Court, which denied writ on March 26, 2010. Petitioner did not file for writ of certiorari at the United States Supreme Court.

On June 23, 2011, the Petitioner filed his application for post-conviction relief ("PCR"). In 2021, while the PCR was still pending, Petitioner's newly-enrolled counsel filed a supplemental memorandum on Petitioner's behalf. In his application for and supplemental memorandum in support of post-conviction relief, Petitioner claimed (I) ineffective assistance of counsel when eliciting hearsay testimony from a State witness, (II) ineffective assistance of counsel for failing to investigate or subpoena Eddie Guillory, (III) ineffective assistance of counsel at sentencing, (IV) ineffective assistance of counsel for failing to effectively cross-examine witnesses regarding contradictions in the State's timeline, (V) ineffective assistance of counsel for accepting Madelyn Collins as an "expert" in blood analysis, (VI) violation of the

Petitioner's right to testify, (VII) violation of Petitioner's right to collateral attack.

On February 16, 2022, the district court denied post conviction relief. On April 3, 2022, Petitioner filed a timely writ application at the Louisiana Fourth Circuit Court of Appeal, which denied writ on May 11, 2022. On June 10, 2022 Petitioner filed a writ application at the Louisiana Supreme Court, which denied writ on September 20, 2022.

Petitioner filed the instant federal *habeas corpus* application on October 21, 2022. In this petition, the claims are: (I) ineffective assistance of counsel when eliciting hearsay testimony from a State witness, and arguably (II) ineffective assistance of counsel for failing to investigate or subpoena Eddie Guillory.[2]

<u>TIMELINESS</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) generally requires that a petitioner bring his §2254 claims within one year of the date on which his conviction or sentence becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of timing for seeking direct review. 28 U.S.C. § 2244(d)(1)(a). A federal court "must look to state law for a determination of how long a prisoner has to file a direct appeal." *Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006) (citation and internal quotation marks omitted).

The AEDPA provides: "The time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). The Supreme Court has announced that "[a]n application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate

---

[2] Although not briefed as a separate assignment of error, Petitioner mentions this claim on page 4 of his memorandum in support.

court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). "And an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id.* (emphasis in original). Previous to that, the Fifth Circuit explained, "A properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (internal quotation marks and citations omitted). Procedural filing requirements are "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review." *Id.* at 469, n.2.

As noted above, Petitioner's conviction was affirmed by the Louisiana Fourth Circuit Court of Appeal on **June 25, 2009**. Petitioner filed a timely application at the Louisiana Supreme Court, which was denied on **March 26, 2010**. Petitioner's conviction became "final" for AEDPA purposes 90 days later on **June 24, 2010**, when the period for seeking review at the Untied States Supreme Court expired.[3] From that date, Petitioner had 365 days within which to seek federal *habeas corpus* relief. Petitioner's filing on **June 23, 2011**, of an application for post conviction relief tolled the one-year period of limitation, with one day to spare. Petitioner timely sought writs at the appellate courts. Ultimately, the Louisiana Supreme Court denied writ on September 20, 2022. Petitioner's deadline to file his habeas petition was September 21, 2022.[4] Petitioner filed the instant federal *habeas corpus* application on October 21, 2022. Thus, the instant petition is **untimely**.

---

[3] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

[4] There is no rehearing from a writ denial, as such the 14 day period to file for a rehearing is inapplicable in this case.

4

<u>EXHAUSTION</u>

Petitioner has exhausted his claims relating to ineffective assistance of counsel.

> Applicants seeking habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Fisher,* 169 F.3d at 302; *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir.1998). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *See Fisher,* 169 F.3d at 302; *Whitehead,* 157 F.3d at 387. Although Mercadel arguably presented his Sixth Amendment claim to the Louisiana Supreme Court when he erroneously filed his habeas petition with that court, a claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir.1988).

*Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir.1999).

In this case, Petitioner brought the following claims: (I) ineffective assistance of counsel when eliciting hearsay testimony from a State witness, and arguably (II) ineffective assistance of counsel for failing to investigate or subpoena Eddie Guillory. Those claims were presented to the district court in his PCR, however the claim that counsel was ineffective for failing to investigate or subpoena Eddie Guillory was not presented to the State appellate courts thereafter. As such this is a mixed petition.

The Fifth Circuit has offered guidance regarding the proper disposition of mixed petitions:

> Under *Lundy* district courts should dismiss mixed petitions and not permit petitioners to split claims in the manner the district court did in this case. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Jones v. Estelle,* 722 F.2d 159, 168 (5th Cir.1983) (describing our "strong policy against piecemealing claims"), *overruled on other grounds by Saahir v. Collins,* 956 F.2d 115, 119 (5th Cir.1992). While a district court should dismiss an entire federal habeas application if the petitioner's state remedies have not been exhausted as to all claims raised in the federal petition, *Graham v. Johnson,* 168 F.3d 762, 778 (5th Cir.1999) (citing *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)), "because exhaustion is based on comity rather than jurisdiction, there is no absolute

> bar to federal consideration of unexhausted habeas applications." *Id.* Specifically, habeas applications "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *Neville v. Dretke,* 423 F.3d 474, 482 (5th Cir.2005) (citing 28 U.S.C. § 2254(b)(2)) (finding district court had discretion to deny exhausted claim improperly presented to the federal district court as part of a mixed application).

*Strickland v. Thaler*, 701 F.3d 171, 174–75 (5th Cir. 2012). In the event this Court allows

Petitioner to amend his petition to assert only the exhausted claim, it is address below.

<u>MERITS</u>

<u>Standard of Review</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), sets out the

standards for reviewing a state court's denial of a petitioner's federal constitutional claims. 28

U.S.C. §§ 2254(d)(1) and (2) contain standards of review for questions of fact, questions of law,

and mixed questions of law and fact. Provided the state court adjudicated the claim on the merits,

pure questions of law and mixed questions of law and fact are reviewed under §2254(d)(1) and

questions of fact are reviewed under §2254(d)(2). *Hill v. Johnson*, 210 F.3d 481 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to

the state court's decision unless it "was contrary to, or involved an unreasonable application of,

clearly established federal law, as determined by the Supreme Court of the United States." 28

U.S.C. §2254(d)(1). The Supreme Court has noted:

> §2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal *habeas* court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable,

and we stressed in *Williams* [*v. Taylor*, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694, 122 S.Ct. 1843 (2002) (citations omitted.)

As to questions of fact, factual findings are presumed to be correct and a federal court must give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

Thus, the AEDPA "'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" *Felkner v. Jackson*, 562 US 594, 131 S. Ct. 1305, 179 L. Ed. 2d 374 (2011) (*quoting Renico v. Lett*, 559 U.S. ___, 130 S.Ct. 1855, 1862 (2010)). To that end, the AEDPA's "substantially higher threshold" for obtaining relief imposes a correspondingly greater burden of proof on the party attacking the conviction. *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933 (2007). "[A] federal *habeas* court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather, *habeas* relief may only be granted if the state court's ruling is "objectively unreasonable." *Id.*, at 409, 120 S.Ct. 1495.

Section 2254(d)'s "contrary to" and "unreasonable application" standards of review apply to a federal court's analysis regardless of whether the state court provided reasons for its dismissal of a petitioner's claims. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 784 (2011) ("There is no merit to the assertion that compliance with § 2254(d) should be excused when state courts issue summary rulings."). "Where a state court's decision is unaccompanied by an

explanation, the *habeas* petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id*.

Accordingly, the burden is always on the petitioner to demonstrate his entitlement to any and all *habeas corpus* relief. *Webster v. Estelle*, 505 F.2d 926 (5th Cir. 1974).

The State courts found that the hearsay elicited by defense counsel was not prejudicial

Counsel for the State has flagged the decisions of the State courts regarding this issue. Both the district court and the Louisiana Fourth Circuit Court of Appeal found that the petitioner failed to prove the second prong of *Strickland*[5]- that there is a reasonable probability that but for the deficient performance the result would have been different. The Louisiana Supreme Court simply stated that the petitioner failed to show that he received ineffective assistance of counsel.

The State courts' decisions are not contrary to clearly established federal law. Nor do they involve an unreasonable application of the law.

> As the district court noted in rejecting this claim, "[five witnesses identified [Harrison] at or near the scene and made subsequent identifications of [Harrison] in court." Absent Sergeant Kaufman's hearsay testimony reflecting Eddie Guillory's identification of Harrison, there was ample testimony identifying Harrison as the perpetrator of the attempted first degree murder of Officer Gonzalez. Indeed, Officer Rodriquez identified Harrison as the person who shot him . . .

Per Curiam 2022-K-0213, p.6. The facts of the case as found in the trial transcript support the State courts' decisions, and the decisions are supported by the law. Thus, he is not entitled to *habeas corpus* relief.

## CONCLUSION

Petitioner's federal *habeas corpus* petition should be dismissed, because it is untimely and a mixed petition with unexhausted claims. Nevertheless, because Petitioner's exhausted (yet still untimely) claim is without merit, this Court can deny the petition if amended because

---

[5] 446 U.S. 668, 104 S.Ct. 2052 (1984).

Petitioner is not entitled to relief.

Respectfully Submitted,

  /s/ Brad Scott
Brad Scott, Bar No. 32680
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, LA 70119
(504) 827-6336
bscott@orleansda.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a

copy, postage pre-paid, to:

Eddie Harrison, #411964
David Wade Correctional Center
670 Bell Hill Rd.
Homer, LA 71040

This 23rd day of January, 2023, New Orleans, Louisiana.

  /s/ Brad Scott
Brad Scott
Assistant District Attorney
Parish of Orleans