UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDDIE HARRISON, III, #411964** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4322** |
| **JERRY GOODWIN, WARDEN** | **SECTION "H" (1)** |

FIRST SUPPLEMENTAL RESPONSE TO PETITION FOR HABEAS CORPUS RELIEF

Petitioner Eddie Harrison filed a petition for *habeas corpus*.[1] The State filed a response.[2]

This Court ordered the State to supplement the state court record and file a supplemental response in which it must "(1) reassess its argument regarding the timeliness of petitioner's federal application, (2) raises any other procedural objections which are applicable, and (3) addresses the merits of petitioner's claims as well as petitioner's motion for stay and abeyance."[3]

**State Court Record**

Submitted with this supplemental response is the state court record exactly as it was received from the clerk of criminal district court with the exception of the Bates numbers added by the State after scanning the documents.

What is submitted is the entirety of what was received by undersigned counsel, but certainly does not appear to be the entire record. This Court ordered the State: "In the event the State is unable to produce the state district court record in its entirety, it shall advise the Court in writing as to the reason for noncompliance." The reason for non-compliance is this: The District Attorney is not the custodian of the record at issue. The District Attorney is at the mercy of the Clerk of Criminal District Court for every court record required in every federal habeas petition that the District Attorney is ordered to respond to. This Court sent notice to the Clerk of Criminal

---

[1] Rec. Doc. 3.
[2] Rec. Doc. 12.
[3] Rec. Doc. 13.

1

Court.[4] The District Attorney sent three written requests to the Clerk of Criminal Court for the record.[5] The District Attorney has provided this Court with all record documents that the Clerk of Criminal Court has furnished to the District Attorney.

Also submitted with this response are all of Petitioner's post conviction relief filings that are in the possession of the District Attorney: Original PCR (undated, filed by the clerk on 6/23/11); Supplement (dated 4/19/21, filed by the clerk on 4/28/21); Supplement (filed stamped 6/23/21); Second PCR (dated 10/17/22, filed 11/2/22); Second PCR (dated 12/27/22, filed 1/4/23); Uniform Motion to Correct Illegal Sentence (dated 03/23/23).

**Timeliness**

Petitioner's claim that the *Ramos* issue is still pending in state court pursuant to a 4/28/2021 filing is not accurate. First, the State can find no evidence of any PCR with a *Ramos* claim. The PCR that was clocked in by the clerk on 4/28/21 is most likely a Supplemental PCR dated 4/19/21. That PCR does not appear in the record provided by the clerk of court, however it was mailed to the District Attorney and a copy is provided with this filing. That PCR does not contain a *Ramos* claim.[6]

Even if Petitioner filed a supplemental PCR raising a non-unanimous *Ramos* issue, it was not a new PCR. It was contained in a supplement to the original PCR. When a PCR is pending there can be no second or subsequent PCR. It is considered to be a supplement to the pending PCR. *See State ex. rel. Duhon v. Whitley,* 92–1740 (La.9/2/94), 642 So.2d 1273; *State v. Sampson,* 02–909 (La.2/14/03), 841 So.2d 747 (per curiam). Just as the counseled pleading filed on June 23, 2021 was a supplement to the original PCR, so was Petitioner's 4/28/21 (dated 4/19/21) filing. Petitioner's entire PCR, including any *Ramos* claim, was denied: while the trial

---

[4] Rec. Doc. 10.
[5] See Requests for Record submitted with this response.
[6] In fact, it appears to not contain any claims.

court's judgment rendered on February 16, 2022, does not specifically address the *Ramos* issue[7], the judgment specifically mentions the April 28, 2021 supplement and denies post conviction relief.

Additionally, the meritless nature of Petitioner's *Ramos* claim, if one exists, is apparent on the record. The trial transcript states, "It's a unanimous verdict."[8] The Criminal District Court Record contains the jury polling slips that reflect a unanimous verdict.[9] Petitioner's own Exhibit "E" to this habeas petition reflects "2:30p – Verdict read – 12-0 GAC". Petitioner's habeas petition on page 13 at paragraph 15 asserts that no petition or appeal is pending in state court.

As detailed in the State's original response, Petitioner's habeas deadline was June 24, 2011. The June 23, 2011 PCR filing tolled the limitation period with one day to spare. The June 23, 2011 PCR and both supplements were denied on February 16, 2022. The denial became final and tolling ended on September 20, 2022. Petitioner's deadline to file his habeas petition was September 21, 2022. Petitioner filed his second PCR on October 18, 2022. That filing did not toll the already expired time period. Petitioner filed the instant habeas petition on October 21, 2022.

**Merits – Motion for Stay and Abeyance**

The State opposes the motion for stay and abeyance. Petitioner chose to file this habeas petition after he filed a second and successive PCR in State court. The habeas petition was filed on October 21, 2022. The successive state court PCR was filed on October 18, 2022.[10] *See State ex rel. Johnson v. Whitley*, 92-2689 (La. 1/6/95), 648 So. 2d 909 (filing is accomplished by delivery to penitentiary authorities for mailing). Petitioner had full control over the timing of his filings. Petitioner could have chosen to postpone the filing of his habeas petition in order to

---

[7] Perhaps because there wasn't one. The likelihood of a petitioner filing a claim that his jury was not unanimous when there is voluminous proof in numerous parts of the record that the jury was unanimous is low.
[8] State Court Record, hand numbered page "642".
[9] Criminal District Court Record, p. 183.
[10] See Second PCR submitted with this response.

exhaust all state court remedies. He did not do so.

The sole claim raised in the 2022 PCR is "actual innocence" under the newly enacted La. C.Cr.P. art 926.2. Petitioner does not raise that claim in this habeas petition. In fact, actual innocence is not a claim that is cognizable on federal habeas and would not entitle Petitioner to relief. *See Herrera v. Collins*, 506 U.S. 390, 393, 113 S. Ct. 853, 857, 122 L. Ed. 2d 203 (1993). As such this is not a mixed petition where it may be appropriate to stay the proceedings.[11]

Regardless, federal habeas petitions should be stayed infrequently and under limited circumstances not present in this case.

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005).

**Merits – Claims**

In its original response, the State addressed the only claim which it understood Petitioner to be presenting to this Court - ineffective assistance of counsel when eliciting hearsay testimony from a State witness. In response to question 11 of the petition form regarding post-conviction proceedings, petitioner identified seven issues raised in his State application for post-conviction relief, and noted his *Ramos* claim as an additional claim raised successively (although as stated above, the State believes it was actually a supplement adjudicated as part of the original post-conviction relief denial). Question 12 of the petition form asks what claims petitioners seek to have reviewed in this Court, and there petitioner only identified one of the eight claims he listed as being raised on post-conviction review, and directs the court to a supplemental memorandum

---

[11] This is a mixed petition as stated in the State's Original Response. However the unexhausted claim is not the actual innocence claim.

4

of law which includes argument directed at only that one issue (IAC when eliciting hearsay testimony from a State witness). "Ground Two" on page 8, "Ground Three" on page 9, and "Ground Four" on page 11 of the petition form are all blank.

The State's understanding is that rather than replead every issue adjudicated by the state courts, Petitioner intended a 'rifle-shot' petition raising the single claim he believed most likely to prevail under AEDPA's high standards. *Cf. United States v. Bramley*, 847 F.3d 1, 5 (1st Cir. 2017) ("This is a rifle-shot appeal, in which the appellant (represented by new counsel) advances only a single claim of error."). If Petitioner seeks to supplement his petition with additional claims, the State does not object.

As detailed in the original response, the State court decision that Petitioner failed to satisfy the second prong of *Strickland* was not contrary to nor an unreasonable application of clearly established federal law.

## CONCLUSION

The State prays that this supplemental response be deemed sufficient and in compliance with this Court's March 2, 2023 Order.

Respectfully Submitted,

  /s/ Brad Scott
Brad Scott, Bar No. 32680
Assistant District Attorney
Parish of Orleans
619 South White Street
New Orleans, LA 70119
(504) 827-6336
bscott@orleansda.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon petitioner by mailing a

copy, postage pre-paid, to:

Eddie Harrison, #411964
David Wade Correctional Center
670 Bell Hill Rd.
Homer, LA 71040

This 28th day of March, 2023.

                                                     /s/ Brad Scott
                                                     Brad Scott
                                                     Assistant District Attorney
                                                     Parish of Orleans