U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED Aug 23 2024
CAROL L. MICHEL
CLERK
SMS    Mail

AO 241 (Rev. 09/17)

EDLA CASE No. 22cv4322 "H" (1)
***AMENDED AND SUPERSEDING***

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Louisiana |
|---|---|
| Name (under which you were convicted): Eddie Harrison | Docket or Case No.: 22-4322 |
| Place of Confinement: DIXON CORRECTIONAL INSTITUTE | Prisoner No.: 411964 |
| Petitioner (include the name under which you were convicted) Eddie Harrison | Respondent (authorized person having custody of petitioner) E. Dustin Bickham, WARDEN |

v.

The Attorney General of the State of: Louisiana

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Orleans Parish Criminal District Court, Section G
   2700 Tulane Ave.
   New Orleans, Louisiana 70119

   (b) Criminal docket or case number (if you know): 465-700 (G)

2. (a) Date of the judgment of conviction (if you know): March 13, 2008

   (b) Date of sentencing: March 19, 2008

3. Length of sentence: One hundred years (100)

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case: Attempted First Degree Murder, and Second Time Habitual Offender.

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty         ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty             ☐ (4) Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☒ No

8.  Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9.  If you did appeal, answer the following:

(a) Name of court: __Louisiana Fourth Circuit Court of Appeals__

(b) Docket or case number (if you know): __2008-KA-1110__

(c) Result: __Denied__

(d) Date of result (if you know): __June 25, 2009__

(e) Citation to the case (if you know): __16 So. 3d 447 (La. App. 4th Cir.)__

(f) Grounds raised: __Unavailable__

_____

_____

_____

_____

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: __Louisiana Supreme Court__

(2) Docket or case number (if you know): __2009-KO-1745__

(3) Result: __Denied__

AO 241 (Rev. 09/17)

    (4) Date of result (if you know): March 26, 2010

    (5) Citation to the case (if you know): 29 So.3d 1250 (La. 2010)

    (6) Grounds raised: Unavailable

  (h) Did you file a petition for certiorari in the United States Supreme Court?  ☐ Yes  ☒ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a) (1) Name of court: Orleans Parish Criminal District Court

    (2) Docket or case number (if you know): 465-700 (G)

    (3) Date of filing (if you know): June 23, 2011

    (4) Nature of the proceeding: Relief Denied

    (5) Grounds raised: See attached copies of all filings in this case 1) Trial counsel was ineffective when eliciting hearsay testimony from a state witness; (2) Trial counsel was ineffective for failing to investigate or subpoena Eddie Guillory; (3) Trial counsel was ineffective at sentencing; (4) Trial counsel was ineffective for failing to effectively cross examine witnesses regarding contradictions in the state's timeline (5) Trial counsel was ineffective for accepting Madelyn Collins as an "expert" in blood analysis; (6) Violation of right to testify; (7) collateral attack vio

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes  ☒ No

    (7) Result:

      (8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: Orleans Parish Criminal District Court

      (2) Docket or case number (if you know): 465-700 (G)

      (3) Date of filing (if you know): 4/28/2021

      (4) Nature of the proceeding: Relief Denied

      (5) Grounds raised: Ramos issue

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes  ☒ No

      (7) Result: _____

      (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

      (1) Name of court: Orleans Parish Criminal District Court

      (2) Docket or case number (if you know): 465-700 (G)

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: Relief Denied

      (5) Grounds raised: 1) Petitioner was denied Due Process under the Fifth, Eighth and Fourteenth Amendment to the United States Constitution when a surveillance tape was not produced. (2) Petitioner was denied effective assistance of counsel under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and equivalent provisions of the Louisiana Constitution at his Habitual Offender proceeding.

AO 241 (Rev. 09/17)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

         ☐ Yes    ☒ No

      (7) Result: _____

      (8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

      (1) First petition:    ☒ Yes    ☐ No

      (2) Second petition:    ☒ Yes    ☐ No

      (3) Third petition:    ☒ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Petitioner was denied his constitutional right to effective counsel where counsel elicited testimony from a state's witness which infringed upon his rights of confrontation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see Memorandum of Law in support and by reference thereto it is made an active party to this habeas application filed pursuant to Title 28§2254 of the U.S. Code.

(b) If you did not exhaust your state remedies on Ground One, explain why:

Page 6 of 16

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel was barred by the requirements of Louisiana law on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: Orleans Parish Criminal District Court, (2) Fourth Circuit Court of Appeal, (3) La. Supreme Court

Docket or case number (if you know): 465-700 (G), (2) 2022-K-0213, (3) 2022-KP-0923

Date of the court's decision: 12/16/2022; (2) 5/11/2022; (3) 9/20/2022

Result (attach a copy of the court's opinion or order, if available): Relief Denied from each court (Copies attached)

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

**GROUND TWO:** Petitioner Trial Counsel Rendered Ineffective Assistance for failure to interview, investigate, or subpoena Eddie Guillory the only eyewitness to the crime.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see Memorandum of Law in support and by reference thereto it is made an active party to this habeas application filed pursuant to Title 28 § 2254 of the U.S. Code.

(b) If you did not exhaust your state remedies on Ground Two, explain why: Post conviction counsel rendered ineffective assistance after failing to exhaust to higher state courts (see Claim #2)

(c) **Direct Appeal of Ground Two:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

  (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Ineffective assistance of counsel was barred by the requirements of Louisiana law on direct appeal.

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
  ☐ Yes  ☒ No

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: _____

  Name and location of the court where the motion or petition was filed: Orleans Parish Criminal District Court,

  Docket or case number (if you know): 465-700 (G)

Date of the court's decision: 2/16/2022

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

**GROUND THREE:** Petitioner was denied effective assistance of counsel under the 5th, 6th, 8th, and 14th Amendments to the United States Constitution and Equivalent Provisions of the Louisiana Constitution at his habitual offender Proceeding.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Please see Memorandum of Law in support and by reference thereto it is made an active party to this habeas application filed pursuant to Title 28 § 2254 of the U.S. Code.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel was barred by the requirements of Louisiana law on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: Orleans Parish Criminal District Court, (2) Fourth Circuit Court of Appeal, (3) La. Supreme Court

Docket or case number (if you know): 1) 465-700 (G); (2) 2023-K-0753; (3) 2024-KH-00056

Date of the court's decision: 1) 09/26/23; (2) 12/11/23; (3) 04/23/24

Result (attach a copy of the court's opinion or order, if available): Relief Denied from each court (Copies attached)

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

AO 241 (Rev. 09/17)

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)    **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

| | | | |
|---|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☐ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☐ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☐ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☒ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

_____

_____

_____

_____

_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

_____

_____

_____

Page 13 of 16

AO 241 (Rev. 09/17)

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Donald Donnelly

(b) At arraignment and plea: Kerry Cuccia

(c) At trial: Donald Donnelly

(d) At sentencing: Donald Donnelly

(e) On appeal: John Harvey Craft

(f) In any post-conviction proceeding: Shawn Higgins; (2) Cate Bartholomew; (3) Mummi S. Ibrahim; and (4) Justin Harrell

(g) On appeal from any ruling against you in a post-conviction proceeding: Justin Harrell

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Petitioner conviction and sentence became final on March 26, 2010. Petitioner's post conviction relief was filed on June 23, 2011. Attorney Cate Bartholomew enrolled as counsel of record on March 21, 2013. Approximately one year later on March 25, 2014 the State moved to disqualify Petitioner's counsel, citing a conflict of interest under Rule 11 of the Rules of Professional Conduct. On

Page 14 of 16

AO 241 (Rev. 09/17)

May 15, 2014, the State filed a motion to stay post conviction and the Court granted. On May 15, 2015, Petitioner's counsel withdrew as counsel. Petitioner's matter was continued without date. Attorney Justin Harrell enrolled as counsel on June 23, 2021 and filed a supplemental memorandum on Petitioner's behalf. The court elected not to re-open Petitioner's evidentiary hearing that were stayed by the State's request pending disqualification of counsel. Instead, the court issued a written judgement denying relief on February 16, 2022. On February 22, 2022, the court granted Petitioner through April 4, 2022, to submit writs to the Fourth Circuit Court of Appeals. On May 11, 2022, the Fourth Circuit declined to issue writs. Petitioner's counsel Justin Harrell applied for Supervisory Writ to the Louisiana Supreme Court on June 9, 2022. Louisiana Supreme Court denied relief on September 20, 2022. Petitioner's counsel Mr. Harrell sent a letter on September 28, 2022, giving notice to relief denied. Petitioner received this letter on October 6, 2022. After timely filing Habeas Petition with this Federal Court in 2022 of October, petitioner filed a Stay motion by which was granted on April 24, 2023. On June 17, 2024, petitioner was ordered to file an Amended and Superseding petition within sixty (60) days of the order. Petitioner has timely filed.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Reversal of the conviction and sentence and a new trial ordered.

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 08/16/2024 (month, date, year).

Executed (signed) on 08/16/2024 (date).

Eddi Ha—

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Page 16 of 16

Eddie Harrison # 411964
5568 Hwy 68
Jackson, LA 70748

Clerk's Office
United States District Court
Eastern District of Louisiana
New Orleans, La 70130



